

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-82,815-01

### EX PARTE CORDERRAL JOHN SMITH, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. CR28321-A IN THE 253RD DISTRICT COURT
### FROM LIBERTY COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of capital murder and sentenced to imprisonment for life. The Thirteenth Court of Appeals affirmed the judgment of conviction. *Smith v. State*, No. 13-10-00552-CR (Tex. App.—Corpus Christi–Edinburg Apr. 12, 2012) (not designated for publication).

Applicant contends, among other things, that trial and appellant counsel rendered ineffective assistance. On March 4, 2015, we remanded this application so the trial court could complete its

2

evidentiary investigation and make findings of fact and conclusions of law. On remand, the trial court found that appellate counsel failed to comply with *Ex parte Wilson*, 956 S.W.2d 25 (Tex. Crim. App. 1997). It recommended that we grant Applicant an out-of-time petition for discretionary review. There is no response from appellate counsel in the record, however, and before being found ineffective, counsel should ordinarily be given the opportunity to explain his conduct. *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003). The trial court shall order appellate counsel to respond. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

Applicant appears to be represented by counsel. If he is not and the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make further findings and conclusions as to whether appellate counsel was deficient and Applicant was prejudiced. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: January 13, 2016
Do not publish